IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN AGUILAR, | : |
| Plaintiff, | : |
| vs. | : |
| | : Civil Action Number: |
| ATLANTA INTOWN GRANITE, INC., and JOSHUA M. CROUCH | : |
| Defendants. | : **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, by and through the undersigned counsel, brings this complaint against Defendants and pleads as follows:

## INTRODUCTION

1.

Plaintiff Juan Aguilar brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA". Plaintiff brings this action under the FLSA to (1) receive the minimum wage for work weeks in which the employer failed to pay him and an additional like amount as liquidated damages; (2) recover the overtime pay that was denied him and an

additional amount as liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit, and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §

1391 because Defendant Atlanta Intown Granite, Inc. is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Dekalb County, Georgia.

7.

Atlanta Intown Granite, Inc. and Joshua M. Crouch employed Plaintiff Juan Aguilar as a Fabricator in and around the Atlanta, Georgia area from October 12, 2009 until July 2, 2010.

8.

From on or about October 12, 2009 until July 2, 2010, Plaintiff Juan Aguilar has been an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about October 12, 2009 until July 2, 2010, Plaintiff Juan Aguilar has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

From on or about October 12, 2009 until July 2, 2010, Plaintiff Juan Aguilar

has been engaged in the "production of goods for commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1)

11.

Atlanta Intown Granite, Inc. is a corporation organized under the laws of the State of Georgia.

12.

At all times material hereto, Defendant Atlanta Intown Granite, Inc. has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

From on or about October 12, 2009 until July 2, 2010, Defendant Atlanta Intown Granite, Inc. has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

From on or about October 12, 2009 until July 2, 2010, Defendant Atlanta Intown Granite, Inc. has been engaged in the "production of goods for commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

At all time material hereto, Defendant Atlanta Intown Granite, Inc. has been

an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

16.

Defendant Atlanta Intown Granite, Inc. is subject to the personal jurisdiction of this Court.

17.

Defendant Joshua M. Crouch (hereafter "Defendant Crouch") resides within Cobb County Georgia.

18.

At all times material hereto, Defendant Crouch has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

19.

Defendant Joshua M. Crouch is subject to the personal jurisdiction of this Court.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

20.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

21.

At all times material hereto, Juan Aguilar has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

22.

From on or about May 21, 2010 through July 2, 2010, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

23.

From on or about May 21, 2010 through July 2, 2010, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

24.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

25.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

26.

As a result of the underpayment of minimum wages, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II — FAILURE TO PAY OVERTME**

27.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

28.

At all times material hereto, Juan Aguilar has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

29.

During his employment with Defendants, Juan Aguilar regularly worked in excess of forty (40) hours each week.

30.

Defendants failed to pay Juan Aguilar at one and one half times his regular rate for work in excess of forth (40) hours in any week from October 12, 2009

through July 2, 2010.

31.

Defendants have willfully failed to pay Juan Aguilar at one and one half times his regular rate for work in excess of forth (40) hours in any week from October 12, 2009 through July 2, 2010.

32.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

33.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

34.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT III – BREACH OF CONTRACT**

35.

The allegations contained in Paragraphs above are incorporated by reference

as if fully set out in this Paragraph.

36.

Plaintiff and Defendants were parties to a contract of employment (hereafter "the Contract") from on or about October 12, 2009 through July 2, 2010.

37.

The Contract provided that Defendants would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendants.

38.

Defendants' failure to pay Plaintiff for work performed from on or about May 21, 2010 through July 2, 2010 constitutes a material breach of the Contract.

39.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT IV – QUANTUM MERIUT**

40.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

41.

From on or about October 12, 2009 through July 2, 2010, Plaintiff served as

a Fabricator for Defendants.

42.

Plaintiff's service as a Fabricator for Defendants as described above was valuable to Defendants.

43.

Defendants requested Plaintiff's service as a Fabricator.

44.

Defendants knowingly accepted Plaintiff's service as a Fabricator.

45.

The receipt of Plaintiff's services as a Fabricator for Defendants without compensation would be unjust.

46.

Plaintiff expected to be compensated at the time he provided his services as a Fabricator.

47.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a Fabricator for Defendants, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL

48.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

49.

On October 12, 2009, Defendants promised to pay Plaintiff in return for Plaintiff's service as a Fabricator for them.

50.

Defendants should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Fabricator for Defendants.

51.

Defendants' promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Fabricator for Defendants, to his detriment.

52.

Plaintiff's service as a Fabricator for Defendants conferred a benefit on Defendants.

53.

Defendants failed to pay Plaintiff in accordance with their promise.

54.

Plaintiff relied on Defendants' promise.

55.

Plaintiff's reliance on Defendants' promise was reasonable.

56.

Justice can only be avoided by enforcement of Defendants' promise.

57.

Plaintiff is entitled to a recover from Defendants the reasonable value of the services he provided as a Fabricator for Defendants, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about May 21, 2010 through July 2, 2010 due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count II, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff have and recover judgment against Defendants for the pendent

State claims herein asserted in amounts to be proved at trial;

5. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

6. For such other and further relief as the Court deems just and proper.


<u>*s/Kevin D. Fitzpatrick, Jr.*</u>
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com

Counsel for Plaintiff

<u>*s/Charles R. Bridgers*</u>
Charles R. Bridgers
Ga. Bar No. 080791
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com

Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUAN AGUILAR, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| vs. | : |
| | : **Civil Action Number:** |
| ATLANTA INTOWN GRANITE, INC., | : |
| and JOSHUA M. CROUCH | : |
| | : |
| **Defendants.** | : **Jury Trial Demanded** |
| | : |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

*/s/ Kevin D. Fitzpatrick, Jr.*
Georgia Bar No. 262375

*/s/ Charles R. Bridgers*
Georgia Bar No. 080791

Counsel for Plaintiff